UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEISHA JOHNSON, individually and on behalf of all others similarly situated,

                            Plaintiff,

v.

RENEW, LLC and NEIL KARNOFSKY, D.D.S., PLLC,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.: 24-cv-2420

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Keisha Johnson ("Johnson"), on behalf of herself and all others similarly situated, by and through her undersigned attorneys, hereby brings this action for damages and other legal and equitable relief against Defendants Renew, LLC ("Renew") and Neil Karnofsky, D.D.S., PLLC ("Karnofsky"), and alleges as follows:

## INTRODUCTION

1.    This is a putative collective and class action brought by Johnson, on behalf of herself and other employees similarly situated, against Defendants for violations of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; New York Labor Law ("NYLL"); the New York Wage Theft Prevention Act ("WTPA"); and any other cognizable cause of action established upon the facts alleged herein, arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2.    Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Johnson, overtime wages for each hour worked as prescribed by the FLSA and NYLL and by failing to pay their employees, including Johnson, their earned wages within the time limitations prescribed by the FLSA and NYLL.

3. Plaintiff allege pursuant to the FLSA that they are entitled to recover from the Defendants: (a) unpaid overtime wages; (b) liquidated damages; (c) prejudgment and post-judgment interest; and (d) attorneys' fees and costs.

4. Plaintiff further allege that pursuant to NYLL § 650 *et seq*. they are entitled to recover from the Defendants:

    a. unpaid overtime wage compensation

    b. liquidated damages equal to the sum of unpaid overtime wages in the amount of twenty five percent (25%) under NYLL 190 *et seq*. and NYLL 650 *et seq*., and one hundred percent (100%) under the New York Wage Theft Prevention Act;

    c. nine percent (9%) simple prejudgment interest pursuant to the NYLL;

    d. post-judgment interest;

    e. attorneys' fees and costs; and

    f. such other and further relief as the Court finds necessary and proper.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL, WTPA and NYCRR claims pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the Eastern District of New York pursuant to 29 U.S.C. §§ 201 *et seq*., because this judicial district lies within the State in which the unlawful employment practices complained of herein occurred. Venue is also proper in this Court pursuant to 28 U.S.C.

§ 1391(b) and (c), in that Defendant maintains facilities, conducts business, and resides in this District.

## THE PARTIES

7. At all relevant times, Plaintiff Keisha Johnson was an "employee" of Defendants within the meaning of the FLSA, the NYLL, and the WTPA. Johnson resides in Inwood, New York.

8. Defendant Renew is a privately owned limited liability company organized under the laws of the State of New York with headquarters at 7070 South Tucson Way, Centennial, Colorado 80112.

9. Renew also operated under the business name Dental Solutions LLC at the same Colorado address, which is led by the same Founder and CEO as Renew, Dr. Donald R. Miloni.[1]

10. Renew owns and operates dental practices throughout the United States.

11. Renew advertises itself as operating 32 practice locations throughout Arizona, California, Colorado, Florida, Georgia, Kansas, Michigan, Minnesota, North Carolina, Texas.[2]

12. While Renew issued all employees, including Johnson, paychecks from Renew, LLC, it informed employees that they were also "employed" by Defendant Karnofsky, upon information and belief to satisfy state-specific licensing requirements applicable to their dentistry practices.

13. Renew and Karnofsky were accordingly joint employers of Johnson and other employees similarly situated.

---

[1] *See* Dental Solutions LLC management team, *available at* https://dentalsolutionsllc.com/management/.
[2] *See* Renew, LLC individual locations, *available at* https://renewsmiles.com/locations/.

14. Defendant Karnofsky is a professional service limited liability company organized under the laws of the State of New York and headquartered at 1 ProHealth Plaza, Suite 115, Lake Success, New York 11042.

15. Up until February 21, 2024, Defendants owned and operated dental practices in New York and New Jersey, including five locations in Long Island City, Garden City, Huntington, Yonkers, Hoboken, and Englewood Cliffs.

16. Defendants employed Johnson in their Long Island City location at 50-11 Vernon Boulevard, Long Island City, New York 11101.

17. On February 14, 2024, Renew's Chief Clinical Officer, William L. Balanoff, informed Defendants' New York and New Jersey employees that there was a lack of payroll funding.

18. Renew's Vice President of Legal, Carri Bryan, regularly communicated with Defendants' New York and New Jersey employees regarding their employment.

19. On February 21, 2024, Carri Bryan terminated the employment of Johnson and, upon information and belief, the employment of all other New York and New Jersey employees.

## STATEMENT OF FACTS

20. Defendants have each, at all relevant times, met the definition of an "employer" covered by the FLSA, the NYLL, the WTPA and the NYCRR, respectively.

21. Upon information and belief, the amount of qualifying annual volume of business for Defendants exceeds $500,000.00 and thus subjects Defendants to the FLSA.

22. Upon information and belief, Defendants are engaged in interstate commerce, including by transacting in dental supplies across state lines, thus independently subjecting Defendant Renew to the FLSA.

23. Upon information and belief, throughout the relevant time period, Defendants employed at least fifty (50) employees.

24. Defendants transacted and continue to transact business in New York and within New York County by employing Plaintiff Johnson and all those similarly situated.

25. Defendants set the rate of pay and basis of pay for Johnson and those similarly situated.

26. Defendants maintained the employment records for Johnson and those similarly situated.

27. Defendants calculated and paid the wages for Johnson and those similarly situated.

28. At all relevant times, Johnson and those similarly situated were designated as non-exempt from the statutory provisions of the FLSA and the NYLL.

29. Johnson was employed by Defendants as a dental assistant.

30. Johnson and others similarly situated each were routinely scheduled to work more than forty hours per workweek.

31. Johnson and others similarly situated were assigned shifts with a spread of hours exceeding ten hours.

32. While employed by Defendants, Johnson and those similarly situated were not exempt under federal and state laws requiring timely payment of wages.

33. Defendants had the ordinary, routine pattern and practice of paying Johnson and others similarly situated only a portion of their overtime hours worked in violation of the FLSA, NYLL, WTPA and NYCRR.

34. During the pay period of October 16, 2023 through October 31, 2023, for example, of the 113.73 total hours Johnson worked, Defendants compensated Johnson 11.58 hours at her overtime rate of pay and 102.15 hours at her regular rate of pay.

35. On other occasions, Defendants withheld Johnson's and similarly situated employee's earned overtime hours by willfully miscalculating the amount of overtime they worked, using a method that combined the total hours worked over the course of a biweekly pay period and only paying the overtime rate for those hours in excess of 80 hours per biweekly pay period, instead of calculating overtime hours separately for each workweek in which their hours worked were in excess of 40 hours per week.

36. For example, if Johnson worked 50 hours during the first week of a pay period and 30 hours during the second week, Defendants would deem 80 hours of "regular pay" hours to have been worked, instead of crediting Johnson for the 10 hours of overtime worked during the first week and paying her the overtime premium (i.e. the time-and-a-half rate) for those 10 hours.

37. At all relevant times, Defendants knew that failing to pay their employees the full amount of their earned overtime wages violates the FLSA, the NYLL, and the WTPA.

38. Defendants' failure to do so was thus willful pursuant to the FLSA, NYLL, and the regulations thereunder, and they are thus jointly and severally liable to Johnson and those similarly situated.

39. Defendants routinely issued Johnson and those similarly situated wage statements that listed fewer overtime hours than those that were actually worked.

40. While Defendants' designated pay day was approximately one week after the associated pay period, for the pay period of February 1, 2024, through February 15, 2024,

Defendants paid Johnson and similarly situated New York and New Jersey employees on February 29, 2024.

41. Johnson and similarly situated employees regularly performed manual labor as part of their job responsibilities, including moving patients from treatment rooms to a wheelchair and then wheeling them to their car to ensure safe transportation, carrying boxes of dentistry supplies to the office's basement for storage, and taking patients' dental impressions.

42. The percentage of physical labor performed by Johnson and similarly situated employees exceeded 25 percent of their working time.

43. Johnson and similarly situated employees did not receive paystubs that accurately provided the number of overtime hours worked or the corresponding earned wages they were entitled to for each pay period.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff seek to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on their own behalf as well as on behalf of those in the following "**Collective**" defined as:

> All hourly workers employed by Defendants from March 31, 2021, through the final date of disposition of this action, who did not receive payment at the time-and-a-half rate for hours worked in excess of 40 hours in any workweek and/or who at any time did not receive their earned wages on the regular payday for the pay period in which the workweek ended.

45. At all relevant times, Johnson was similarly situated to all such individuals in the Collective because, while employed by Defendants, she performed similar tasks, was subject to the same laws and regulations, was paid in the same or substantially similar manner, was paid the same or similar rate, and was subject to Defendants' policies and practices of willfully failing to pay wages at the time-and-a-half rate for all hours worked in excess of 40 hours per week and, for

the pay period of February 1, 2024, through February 15, 2024, and her earned wages were withheld beyond the regular payday for the pay period in which the workweek ended.

46.     Defendants are and have been aware of the requirement to pay Johnson and the members of the proposed Collective their wages for all overtime hours worked and to pay wages on the regular payday for the pay period in which the workweek ended, yet willfully chose not to do so.

47.     The Collective members are readily discernable and ascertainable. All Collective members' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines it is appropriate to do so.

48.     The members of the proposed Collective are too numerous to join in a single action, necessitating collective recognition.

49.     All questions relating to Defendants' violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendants' failure to pay overtime wages or timely pay statutorily required wages are specific to Johnson and the claims asserted by Plaintiff are typical of those of members of the proposed Collective.

50.     Johnson will fairly and adequately represent the interests of the Collective and has no interests conflicting with members of the Collective.

51.     A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

52.     Johnson's attorneys are familiar with and have experience with collective and class action litigation, as well as employment and labor law litigation.

53.     The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single

litigation. Prosecution of separate actions by Collective members creates the risk of varying and inconsistent results based on identical fact patterns, as well as disposition of the Collective's interests without their knowledge or contribution.

54.     The questions of law and fact are nearly identical for all Collective members and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendants' continued violations of the FLSA will undoubtedly continue.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

55.     Plaintiff seek to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who, during the previous six (6) years, were subjected to Defendants' violations of the NYLL, the WTPA and the NYCRR.

56.     The "**Class**" which Plaintiff seek to define includes:

> All hourly workers employed by Defendants from March 31, 2018 through the final date of disposition of this action, who (i) did not receive payment at the time-and-a-half rate for their hours worked in excess of forty hours per workweek; (ii) at any time did not receive their earned wages on the regular payday for the pay period in which the workweek ended; and (iii) were, as a result of such failure to pay overtime wages and such untimely payments, not provided with true and accurate Wage Statements and/or Wage Notices.

57.     The number of class members protected by the NYLL, the WTPA and the NYCRR who have suffered under Defendant's violations of such statutes are believed to be in excess of forty (40) and thus are too numerous to join in a single action, necessitating class recognition.

58.     All questions relating to Class's allegations under the NYLL, WTPA and NYCRR share a common factual basis with those raised by the claims of Plaintiff. No claims asserted herein

under the NYLL and the WTPA are specific to Plaintiff or any Class member and the claims of Plaintiff are typical of those asserted by the proposed Class.

59. Plaintiff will fairly and adequately represent the interests of all members of the proposed Class.

60. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated the NYLL and the WTPA.

61. The class members of the proposed Class are readily discernable and ascertainable. Contact information for all members of the proposed Class is readily available from Defendants since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

62. Plaintiff asserts these claims on her own behalf as well as on behalf of the Class.

63. Plaintiff's attorneys are experienced in class action litigation as well as employment litigation.

64. Plaintiff are able to fairly represent and properly protect the interests of the absent members of the proposed Class and have no interests conflicting with those of the Class.

65. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Class members creates a risk of varying results based on identical fact patterns as well as disposition of the Classes' interests without their knowledge or contribution.

66. Due to the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would

benefit from Plaintiff's willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the Class members' jobs and continued employment.

67. The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Class, continued violations of the NYLL and the WTPA will undoubtedly continue.

68. Whether Plaintiff and the Class members were: (i) paid all of their earned and due overtime wages; (ii) on any occasion paid less frequently than weekly (or, in the case of any non-manual workers, semi-monthly); and (iii) provided with true and accurate Wage Notices pursuant to the NYLL, are all common questions which can readily be resolved through the class action process.

## **CAUSES OF ACTION**

### **AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**The Fair Labor Standards Act, 29 U.S.C. § 206, Made by Plaintiff on Behalf of All Collective Members**
**(Failure to Timely Pay Wages)**

69. Plaintiff and the Collective members re-allege and incorporate by reference all allegations in all preceding paragraphs.

70. For the February 2024 pay period described above, Defendants knowingly failed to pay Plaintiff and Collective members their wages for all hours worked each workweek on the regular payday for the pay period in which the workweek ended.

71. Defendants' conduct was willful and lasted for the duration of the relevant time period.

72. Defendants' conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

73. Due to Defendants' violations of the FLSA, Plaintiff and members of the proposed Collective are entitled to recover from Defendants, jointly and severally, liquidated damages equal to the wages of each Plaintiff or Collective member, together with costs and attorneys' fees.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### New York Labor Law § 191 (Frequency of Payment), Made by Plaintiff on Behalf of Plaintiff and the Rule 23 Class

74. Plaintiff and the Class members re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. For the February 2024 pay period described above, Plaintiff and other Class Plaintiff were not provided with payment for their wages for all hours worked each workweek at least as frequently as weekly, in violation of NYLL § 191 on the regular payday for the pay period in which the workweek ended.

76. Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff at least as frequently as weekly.

77. Defendant's conduct was willful and lasted for the duration of the relevant time period.

78. Defendants conduct was in violation of the NYLL.

79. Due to Defendants' violations of the NYLL, Plaintiff are entitled to recover from Defendants, jointly and severally, liquidated damages equal to the wages of each Plaintiff or Class member, together with costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### The Fair Labor Standards Act, 29 U.S.C. § 206, Made by Plaintiff on Behalf of All Collective Members
### (Failure to Pay Overtime Wages)

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

82. Defendants are an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

83. Defendants were required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

84. At all relevant times, Defendants had a policy and practice of paying employees fewer overtime hours than those hours worked in excess of 40 hours per workweek.

85. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

86. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
**New York Labor Law § 650 (Failure to Pay Overtime Wages)**
**Brought on Behalf of Plaintiff and the Rule 23 Class**

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

89. Defendants failed to pay the Class Members overtime wages at the time-and-a-half rate to which they were entitled, violating N.Y. LAB LAW § 650 *et seq.* and Part 142, § 142-2.2

of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

90. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

91. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### New York Labor Law § 195-1(d) (Failure to Provide Accurate Wage Statements)
### Brought on Behalf of Plaintiff and the Rule 23 Class

92. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

94. Defendants have failed to make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and members of the proposed Class, and did not provide the true and accurate paystub information on or after each payday to Plaintiff and members of the Proposed Class.

95. Due to Defendants' violations of the NYLL, Plaintiff are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff or Class member, together with costs and attorneys' fees pursuant to NYLL § 198 (1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all Collective and Class Plaintiff demand judgment against

Defendants as follows:

    A.    At the earliest possible time, Plaintiff should be allowed to give notice of the purported Collective, or the Court should issue such notice, to all members of the purported Collective defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

    B.    Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective Counsel;

    C.    Designation of Plaintiff as representatives of the Fed. R. Civ. P. 23 Class defined herein, and Plaintiff's counsel as Class Counsel;

    D.    Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

    E.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Class members under the NYLL and the WTPA;

    F.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

    G.    A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, and the WTPA;

H.	All damages which Plaintiff and all Collective and Class members have sustained as a result of Defendants' conduct, including: (i) liquidated damages, penalties, and punitive damages subject to proof, (ii) attorneys' fees, and (iii) interest;

I.	An award to Plaintiff and all Collective and Class members of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

J.	An award to Plaintiff and all Collective and Class Plaintiff representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K.	Awarding Plaintiff and all Collective and Class members their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

L.	Pre-judgment and post-judgment interest, as provided by law; and

M.	Granting Plaintiff and all Collective and Class members such other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all questions of fact raised by this complaint.

Dated: April 1, 2024
       New York, New York

                                          Respectfully submitted,

                                          */s/ Alex Rissmiller*
                                          Alex Rissmiller
                                          **Rissmiller PLLC**
                                          5 Pennsylvania Avenue, 19th Floor
                                          New York, NY 10001
                                          T: (646) 664-1412
                                          arissmiller@rissmiller.com

                                          */s/ Matthew L. Berman*
                                          Matthew L. Berman, Esq.
                                          **Valli Kane & Vagnini LLP**
                                          600 Old Country Road, Suite 519
                                          Garden City, New York 11530
                                          T: (516) 203-7180
                                          F: (516) 706-0248
                                          mberman@vkvlawyers.com

                                          *Attorneys for Plaintiff Keisha Johnson*